## In re CORNELL.

### (District Court, S. D. New York. October 5, 1899.)

1. BANKRUPTCY—OPPOSITION TO DISCHARGE—CONCEALMENT OF PROPERTY.

Specifications in opposition to a bankrupt's application for discharge, on the ground of his having concealed property from his trustee in bankruptcy, must be supported by evidence showing the existence of property in the bankrupt, or in trust for his use, at the time of filing the petition in bankruptcy.

2. SAME—DECISION ON APPLICATION FOR DISCHARGE—SUIT PENDING IN STATE COURT.

A court of bankruptcy will not stay its decision upon a bankrupt's application for discharge, to await the result of a pending action in a state court wherein creditors of the bankrupt seek to set aside a transfer of

property made by him before the adjudication of bankruptcy, and which they allege to have been fraudulent as to creditors, the same plaintiffs opposing the bankrupt's discharge on the ground of the same alleged fraud; for the issues are not identical, nor would the decree of the state court determine the right of the bankrupt to be discharged.

In Bankruptcy. On opposition to bankrupt's application for discharge.

In February, 1899, Oliver H. P. Cornell was adjudged bankrupt on his voluntary petition, and in due course filed an application for his discharge. Specifications in opposition thereto were presented by Crawford, Simpson & Crawford, judgment creditors of the bankrupt, and the matter was referred to Morris Wise, referee in bankruptcy, to find and report the facts. It appeared that, on April 13, 1896, the bankrupt assigned all his interest in the estate of his deceased mother, ascertained by the surrogate's court of New York to be worth $30,000, to his brother Frank Cornell, for a consideration amounting to more than the value of the interest assigned, and consisting in part of the cancellation of a debt due from the bankrupt to his said brother, and in part of the undertaking of the latter to pay certain judgments of record against the bankrupt. A few days after the making of this assignment, Crawford, Simpson & Crawford recovered a judgment against the bankrupt, and, in October, 1897, began an action in the supreme court of New York, against the bankrupt and his brother, to set aside the assignment described above, on the ground of its having been in fraud of the rights of the plaintiffs and other creditors. This action was still pending at the time of the bankrupt's application for discharge. The objecting creditors based their opposition to the petition for discharge in part on the alleged fraudulent character of the assignment, and in part on the pendency of the creditors' suit in the New York court, urging that the issue of fraud as against creditors, made in that suit, was identical with the issue arising on their opposition to the bankrupt's discharge. The referee decided that he would hold the papers pending the decision of the action in the state court, and would not consider or pass upon the question as to whether the specifications had been sustained by the evidence. To this decision the bankrupt excepts.

Quincy A. Gates, for bankrupt.

BROWN, District Judge. The issue in the creditors' suit is not identical with that presented under the specifications in opposition to discharge. A decision adverse to the defendants in the creditors' suit would not necessarily determine the right to discharge. If one of the intents of the assignment of April 13, 1896, was to hinder payment of the existing suit, that would authorize a decree for the plaintiff and yet be no sufficient ground to deny a discharge under the bankrupt act. To have this effect there must be evidence of concealment of property from the trustee. Section 29. This can only be made out by evidence of some remaining property in trust for the bankrupt's use existing at the time of the petition in bankruptcy. The specifications do not in terms charge this; but assuming them to be sufficient to raise the question, the evidence (all of which is returned to me, after the hearing was closed) proves sufficiently that the assignee, Frank Cornell, had paid out considerably more than all the value acquired by the assignment, and has been even allowed a claim of $5,000 and upwards for still further advances to the bankrupt, which shows clearly that there was no property of the bankrupt remaining, or concealed by him, at the time of the petition. The specifications are therefore disproved, and the discharge is granted.